# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2025

Lyle W. Cayce
Clerk

No. 25-50213
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JORGE MARTINEZ-MUNOZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-2656-1

Before SMITH, HIGGINSON, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Jorge Martinez-Munoz appeals the sentence imposed following his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326. Martinez-Munoz challenges the enhanced penalty range in § 1326(b) as unconstitutional because it permits a defendant to be sentenced above the statutory maximum of § 1326(a) based on a prior conviction that was not

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

alleged in the indictment or found by a jury beyond a reasonable doubt. As he correctly concedes, this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See, e.g.*, *United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) ("*Almendarez-Torres* . . . persists as a narrow exception permitting judges to find only the fact of a prior conviction." (internal quotation marks and citation omitted)). He states that he raises this issue solely to preserve it for further review. The Government has filed a motion for summary affirmance or, alternatively, for an extension of time to file a responsive brief.

Because summary affirmance is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED. The Government's alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.